```
COX, WOOTTON, GRIFFIN,
HANSEN & POULOS, LLP
Gregory W. Poulos (SBN 88390)
Max L. Kelley (SBN 205943)
190 The Embarcadero
San Francisco, California 94105
Telephone No.: (415) 438-4600
Facsimile No.: (415) 438-4601
gpoulos@cwghp.com
mkelley@cwghp.com

Attorneys for Plaintiff
Valerie Shipping Inc.
```

ORIGINAL   E-filing

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALERIE SHIPPING INC., | Case No. CV 11 0911 |
| Plaintiff, | ~~[PROPOSED]~~ ORDER FOR APPOINTMENT OF SUBSTITUTE CUSTODIAN |
| v. | |
| KOREA LINE SINGAPORE PTE, LTD. | |
| Defendant. | |

Plaintiff VALERIE SHIPPING, INC., by and through its counsel of record, Cox, Wootton, Griffin, Hansen & Poulos, LLP, having appeared and made the following recitals:

1. On February 25, 2011, the Verified Complaint herein was filed seeking the attachment sale of the Defendant vessel *M/V BLUE JADE* (the "Vessel"), its engines, machinery, appurtenances and etc., to satisfy Plaintiff's claims.

2. On February 25, 2011, the Clerk of this Court issued a Warrant for Arrest commanding the U.S. Marshal for the Northern District of California to

-1-

Corporate disclosure

1  attach and take into custody Defendant Vessel and to maintain it in his or her
2  custody until further Order of this Court.
3  3.     Defendant Vessel is expected to arrive in the Northern District of
4  California, on or about February 26, 2011.
5  4.     It is contemplated that the U.S. Marshal will seize the vessel forthwith.
6  The U.S. Marshal does not provide the services for the safekeeping of vessels
7  he (or she) arrests.
8  5.     National Maritime Services, Inc. has agreed to assume the responsibility
9  for the safekeeping the Vessel, and has consented to act as its custodian until
10 further Order of this Court, all for a sum, including storage and routine
11 services required for safekeeping of the Vessel, at its customary rates.
12 6.     National Maritime Services, Inc., by affidavit, avers that it has adequate
13 personnel and supervision for the proper safekeeping of the Vessel and that it
14 possesses policies of insurance for Commercial Marine Liability, underwritten
15 by competent and solvent, with an aggregate coverage limit of $10,000,000.
16 7.     Furthermore, in accordance with the terms of this Order, National
17 Maritime Services, as Substitute Custodian accepts possession of and
18 responsibility for the Vessel.
19 8.     In consideration of the U.S. Marshal's consent to this substitution of
20 custody, Plaintiff agrees to release the United States and the U.S. Marshal
21 from any and all liability and responsibility arising out of the care and custody
22 of the Vessel, her engines, tackle, apparel, furniture, equipment, and all other
23 necessaries pertaining and belonging to the Vessel, from the time the Marshal
24 transfers possession of such vessel to National Maritime Services as Substitute
25 Custodian, and Plaintiffs further agrees to hold harmless and indemnify the
26 United States and the U.S. Marshal from any and all claims whatsoever arising
27 out of the Substitute Custodian's possession and safekeeping.
28

Corporate disclosure

**THEREFORE, IT IS HEREBY ORDERED** that the U.S. Marshal for the Northern District of California be, and is hereby, authorized and directed, upon his seizure of the Vessel pursuant to this Court's duly-issued Warrant for Attachment, to surrender the custody and possession thereof to National Maritime Services as Substitute Custodian, and that, upon such surrender, the U.S. Marshal shall be discharged from further duties and responsibilities for the safekeeping of the Vessel and held harmless by Plaintiff from any and all claims arising whatsoever out of the substitute possession, custody, and safekeeping.

**IT IS FURTHER ORDERED** that National Maritime Services be, and is hereby, appointed the custodian of the Vessel to retain it in its custody for possession and safekeeping, for the aforementioned compensation until further Order of this Court.

**IT IS FURTHER ORDERED** that all reasonable expenses for the safekeeping of the Vessel shall be deemed administrative expenses of the U.S. Marshal and any and all unearned sums paid to the U.S. Marshal by Plaintiff shall be reimbursed to Plaintiff.

**IT IS FURTHER ORDERED** that the Plaintiff's counsel of record will serve a copy of this Order on the Vessel and all parties who may appear in this action.

Dated: February 25, 2011

_____
U.S. District Court Judge

It is further ordered that Π shall submit Exhibit A to the Buchanan declaration by no later than Monday 2/28/11.

-3-

Corporate disclosure