IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

VALERIE SHIPPING, INC.,

    Plaintiff,

v.

KOREA LINE SINGAPORE PTE, LTD.,

    Defendant.
                                 /

No. C 11-00911 JSW

**ORDER TO SHOW CAUSE RE FILINGS REGARDING BANKRUPTCY PROCEEDING**

        The Court received a letter dated March 21, 2011 from attorney James H. Power, who represents the receivers of Korea Line Corporation ("KLC"), a company undergoing rehabilitation before the Seoul Central District Bankruptcy Court. According to Mr. Power's representations in that letter, KLC is the 100% owner of Korea Line Singapore Pte, LTD, a defendant in this matter. In that letter, Mr. Power advises the Court that the Receivers filed a petition for relief under Chapter 15 of the Bankruptcy Code on behalf of KLC in the United States District Court for the Southern District of New York ("the Bankruptcy Court").

        In that letter, Mr. Power also advised the Court that on March 21, 2011, the Bankruptcy Court issued an Order Granting Provisional Relief Pending Hearing on Petition for Recognition as a Foreign Main Proceeding ("Order Granting Provisional Relief"). The Court directed the Clerk to electronically file this letter, and its attachments, and they were filed on March 24, 2011.

        On March 23, 2011, Plaintiff also filed a Notice advising the Court that the Bankruptcy Court had issued the Order Granting Provisional Relief.

1  In the Order Granting Provisional Relief, the Bankruptcy Court found, *inter alia*, that "[e]xcept as provided herein, the commencement or continuation of any judicial or quasi-judicial actions pending in the United States against KLC, the [Receivers] (in their capacity as foreign representatives of KLC) or actions in which KLC Property (defined below) has been seized, attached, or otherwise restrained ("U.S. Actions") should be provisionally enjoined to permit the expeditious and economical administration of KLC in the Korean Proceeding, and such relief will not cause undue hardship or any such hardship is outweighed by the benefits to KLC, the Korean Proceedings, and KLC's creditors." (*See* Docket No. 31-1 (Order Granting Provisional Relief at 2).)

The Bankruptcy Court also ordered that all U.S. Actions, with certain exceptions, were provisionally stayed, and enjoined "all persons and entities" from taking specified actions against assets or property of KLC that are located in the United States. (*See id.* at 3.) The Bankruptcy Court also issued specific orders relating to KLC Property that was arrested or attached "on or prior to the Court's ruling" at a March 14, 2011 provisional relief hearing in the Bankruptcy Court. (*Id.* at 4-5.)

This Court issued its original Order granting Plaintiff's Motion for Issuance of Process and Maritime Attachment on February 25, 2011. On March 7, 2011, the Court issued a further Order Granting a Motion for Issuance of a Warrant *In Rem* filed by Nordea Bank Finland Plc, Singapore Branch. On March 15, 2011, the Court issued an Order Amending Issuance of Maritime Attachment and Garnishment, filed by Plaintiff.

Plaintiff and Plaintiff in Intervention are HEREBY ORDERED to SHOW CAUSE as to how the Order Granting Provisional Relief affects the proceedings pending before this Court. The responses to this Order to Show Cause shall be due on April 15, 2011. Plaintiff and Plaintiff in Intervention shall serve a copy of this Order on the Receivers and any other interested party. Any replies to the responses to the Order to Show Cause must be submitted to the Court by no later than April 29, 2011.

//

If the Court believes that a hearing is necessary to address this issue, it shall so advise the parties.

**IT IS SO ORDERED.**

Dated: April 4, 2011

JEFFREY S. WHITE  
UNITED STATES DISTRICT JUDGE