JOHN D. GIFFIN, CASB No. 89608
john.giffin@kyl.com
ELIZABETH P. BEAZLEY, CASB No. 138198
elizabeth.beazley@kyl.com
JAMES A. MARISSEN, CASB No. 257699
james.marissen@kyl.com
TARA B. VOSS, CASB No. 261967
tara.voss@kyl.com
KEESAL, YOUNG & LOGAN
A Professional Corporation
400 Oceangate, P.O. Box 1730
Long Beach, California 90801-1730
Telephone: (562) 436-2000
Facsimile: (562) 436-7416

Attorneys for
NORDEA BANK FINLAND Plc, Singapore Branch

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALERIE SHIPPING INC., | Case No. CV 11 0911 JSW |
| Plaintiff, | [PROPOSED] ORDER GRANTING INTERLOCUTORY SALE |
| vs. | AS MODIFIED |
| KOREA LINE SINGAPORE PTE, LTD., | N.D. Admir. L.R. 9-2 |
| Defendant. | Date: May 27, 2011<br>Time: 9:00 a.m.<br>Place: Courtroom 11 |
| and | |
| NORDEA BANK FINLAND PLC, SINGAPORE BRANCH. | |
| Intervening Plaintiff. | |

**Having had oral argument, Defendant having failed to appear and oppose the motion, and there being no further opposition to the Motion.** This Court having considered Nordea Bank Finland PLC, Singapore Branch's Unopposed Motion for Interlocutory Sale of the Singapore flagged tanker *M/T BLUE JADE*, IMO No. 9419735, her masts, boilers, cables, engines, machinery, etc., (the "Vessel") is of the opinion that the expenses and costs which are now being and will be incurred for the safe keeping and care of the Vessel while under attachment and arrest

- 1 -  KYL_LB1397559
[PROPOSED] ORDER GRANTING INTERLOCUTORY SALE - Case No. CV 11 0911 JSW

are excessive, and that the Vessel is deteriorating and is liable to injury while detained during the pendency of this cause and that there has been unreasonable delay in securing the release of the Vessel. Accordingly, the Unopposed Motion for Interlocutory Sale is meritorious and should be granted.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the United States Marshal for the Northern District of California ("Marshal") be, and is hereby directed to sell the Vessel, AS IS WHERE IS at public auction to the highest bidder, free and clear of all liens, preexisting claims, and encumbrances on said vessel. Said sale shall be held at the office of the United States Marshal for the Northern District of California, U.S. Courthouse/Phillip Burton Building, 450 Golden Gate Avenue, Room 20-6888, San Francisco, California 94102, on a date and time to be set by the U.S. Marshall, upon notice and terms of sale contained herein below.

**IT IS FURTHER ORDERED** that Nordea Bank Finland PLC, Singapore Branch ("Nordea"), will arrange for the advertisement of a notice of sale pursuant to Admir. L.R. 9-2(a) in the *San Francisco Daily Journal*, which is designated as a paper of general circulation in this district, for six (6) consecutive days before the sale date, to show in said notice the time and place where said sale will be conducted and to advise prospective bidders of how they may board the Vessel for purposes of inspection thereof. The notice will further show that the last and highest bidder will be required to deliver to the Marshal at the time of said sale a minimum deposit in cash or by certified check or cashier's check, of the full purchase price if it does not exceed $1,000, and otherwise $1,000 or ten (10) percent of the bid price, whichever is greater, the balance thereof to be paid in cash or by certified check or cashier's check before confirmation of the sale or within three (3) court days of the dismissal of any opposition which may have been filed;

**IT IS FURTHER ORDERED** that Nordea is authorized by this Court to effect such other advertising covering a more extensive area as can be reasonably secured at a reasonable cost, and that the expenses of such additional advertisement be taxed as *custodia legis* expense.

| | |
|---|---|
| 1 | **IT IS FURTHER ORDERED** that National Maritime Services ("NMS"), the appointed substitute custodian of the Vessel, at the request of an interested person, shall grant permission to such person or his representatives to visit, board, inspect, examine and survey the Vessel during any day between the date hereof and the date of the sale, provided that the same shall be done at the sole expense and risk of any such person or his representative and upon the reasonable terms set by NMS. |

**IT IS FURTHER ORDERED** that consistent with Northern District Admiralty and Maritime Local Rules, Rule 9-2 (b), the Marshal shall require the last and highest bidder for the Vessel to make a minimum deposit in cash, certified check or cashier's check, of the full purchase price if it does not exceed $1,000, and otherwise $1,000 or ten (10) percent of the bid, whichever is greater. The balance, if any, of the purchase price shall be paid in cash, certified check or cashier's check before confirmation of the sale or within three (3) court days of the dismissal of any opposition which may have been filed. Notwithstanding the above, an intervening plaintiff foreclosing a properly recorded preferred mortgage on or other valid security interest in the Vessel may bid, without payment of cash, certified check or cashier's check up to the total amount of the secured indebtedness as established by affidavit filed and served by that party on all other parties no later than 14 days prior to the date of sale.

**IT IS FURTHER ORDERED** that consistent with Northern District Admiralty and Maritime Local Rule 9-2(c), after the sale has concluded, the Marshal shall file a written report to the Court of the fact of the sale, the price obtained and the name and address of the purchaser. The Clerk of the Court shall endorse on such report the time and the date of its filing. If within three (3) court days no written objection is filed in the manner set forth in N.D. Admir. L.R. 9-2(f), the sale shall stand confirmed as of course, without the necessity of any affirmative action thereon by this Court and the Clerk upon request shall so state to the Marshal in writing except that no sale shall stand confirmed until the buyer has complied fully with the terms of his purchase. If no opposition to the sale is properly filed, the expense of keeping the property pending

1 | confirmation of sale shall be charged against the party bearing expense before the sale
2 | (subject to taxation as costs) except that if confirmation is delayed by the purchaser's
3 | failure to pay any balance which is due on the price, the cost of keeping the Vessel
4 | subsequent to the 3-day period hereinabove specified shall be borne by the purchaser.

**IT IS FURTHER ORDERED** that in accordance with Northern District Admiralty and Maritime Local Rule 9-2(c) and (f) objections to the sale must be written and filed with the Court within three (3) days of the sale date and served on all other parties, including the purchaser. Objections shall be accompanied by a cost deposit of seven (7) days of estimated expenses of custody. Further, in accordance with Northern District Admiralty and Maritime Local Rule 9-2(g), if an objection to the sale is sustained, sums deposited by the successful bidder will be returned to the bidder forthwith. The sum deposited by the objector will be applied by the Marshal in keeping the Vessel until it is resold, and any balance remaining shall be returned to the objector. The objector will be reimbursed for the expense of keeping the Vessel from the proceeds of a subsequent sale. If the objection is overruled, the sum deposited by the objector will be applied to pay the expense of keeping the Vessel from the day the objection was filed until the day the sale is confirmed, and any balance remaining will be returned to the objector forthwith.

**IT IS FURTHER ORDERED** that consistent with Northern District Admiralty and Maritime Local Rule 9-2(d), a successful bidder who fails to pay the balance of the bid within the time allowed under these local rules or a different time specified by the Court shall also pay to the Marshal the costs of keeping the Vessel from the date payment of the balance was due to the date the bidder pays the balance and takes delivery of the Vessel. Unless otherwise ordered by the Court, the Marshal shall refuse to release the Vessel until this additional charge is paid.

**IT IS FURTHER ORDERD** that consistent with Northern District Admiralty and Maritime Local Rule 9-2(e) a successful bidder who fails to pay the balance of the bid within the time allowed is in default and the Court may at any time

thereafter order a sale to the second highest bidder or order a new sale as appropriate. Any sum deposited by the bidder in default shall be applied to pay any additional costs incurred by the Marshal by reason of the default including costs incident to resale. The balance of the deposit, if any, shall be retained in the registry subject to further order of the Court, and the Court shall be given written notice of its existence whenever the registry deposits are reviewed.

**IT IS FURTHER ORDERED** that after the successful bidder has made full payment and the sale stands confirmed, the Marshal shall deliver a Bill of Sale of the Vessel to the confirmed purchaser and the Vessel shall be conveyed by the Marshal "as is, where is, free and clear of all liens, claims and encumbrances of whatever nature whatsoever;"

**IT IS FURTHER ORDERED** that the Marshal shall deposit the proceeds of the sale into the registry of the Court pending further order of the Court. The Clerk of Court is directed to deposit the funds into an interest bearing account;

**IT IS FURTHER ORDERED** that R.S. Platou Shipbrokers A.S. may be appointed as the sole broker for the purpose of marketing the vessel for judicial sale and will receive a commission of 0.5% of the total purchase price. Such commission shall be paid from the proceeds of sale as a *custodia legis* expense.

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of the above cause for such further proceedings as may be appropriate.

SIGNED this 6th day of ~~April~~ May, 2011.

_____
UNITED STATES DISTRICT JUDGE

**It is FURTHER ORDERED that Nordea Bank shall serve a copy of this Order on Defendant and shall file proof of such service with the Court.**