BRODSKY MICKLOW BULL & WEISS LLP
Edward M. Bull III, SBN 141996
Kurt Micklow, SBN 113974
384 Embarcadero West, Suite 200
Oakland California 94607
Telephone: (510) 268-6180
Facsimile: (510) 268-6181

Attorneys for Plaintiffs-In-Intervention
CREWMEMBERS

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALERIE SHIPPING, INC., <br><br> Plaintiff, <br><br> vs. <br><br> KOREA LINE (SINGAPORE), PTE, LTD. <br><br> Defendants. <br> _____ <br><br> GLENN DELARRAZABAL, NELSON CASTILLO, RAFFIE JUMAO-AS, PEDRO VELORIA, JERRY DACLAN, WILLIAM SORIANO, ANTHONY NAMORO, ISAGANI VICTORIA, ROMEO BANAG, ELMER SALVADOR, DONNIE LEDESMA, EDWARD OGANA, ROBERT DIAZ, CLIFFORD MERINGUEZ, MICHAEL ROTO, VINEY BOLINAS, DICK SAMIENTO, BILLY FAUSTINO, DARRELL PARDILLO, SERGIO CALUCIN AND ENGELBERTH LAPLANA, <br><br> Plaintiffs-In-Intervention, <br><br> vs. <br><br> THOME SHIP MANAGEMENT PTE, LTD, KOREA LINE (SINGAPORE) PTE, LTD, and DOES 1-50, *in personam*, and MT BLUE JADE, and her engines, tackle, apparel, etc., *in rem*, <br><br> Defendants. <br> _____ | CASE NO.: CV 11-0911 JSW <br><br> **JOINT MOTION AND [PROPOSED] ORDER FOR PAYMENT OF CREWMEMBERS** |

THE CURRENT PARTIES TO THIS ACTION, BY AND THROUGH THEIR ATTORNEYS OF RECORD HEREIN, HEREBY JOINTLY MOVE AND REQUEST THAT THE COURT ISSUE THE FOLLOWING ORDER ON THE MOTION TO PAY CREWMEMBERS CURRENTLY BEFORE THE COURT AS FOLLOWS:

WHEREAS the Crewmembers and all other current parties agree to payment at this time of the following amounts to the crewmembers:

1. **Wages for March 2011** in the amount of **$79,509.50** (See the total set forth on Exhibit "A" to the Declaration of Edward M. Bull III, less the pre-attachment wages, namely accumulated leave and prior month balance forward),

2. **Wages for April 2011** in the amount of **$76,697.01** (See the total set forth on Exhibit "B" to the Declaration of Edward M. Bull III), and

3. **Wages for May 1-6**, **2011** in the amount of **$15,339.40** (See Exhibit "C" to the Declaration of Edward M. Bull III),

for a total immediate payment of **$171,545.91**; and

WHEREAS the Crewmembers and all other current parties agree to payment of Wages for the services of the crew after May 6, 2011 on a monthly basis, and at the same contractual rates as utilized to calculate the March and April wages (at a pro-rata daily rate), up to and until the time of the actual repatriation of the individual crewmembers; and

WHEREAS the Crewmembers and all other current parties agree to payment of the actual cost of repatriation expenses at the time of repatriation (estimated at approximately $1,000 per crewmember); and

WHEREAS the Crewmembers agree to reserve their remaining claims for pre-attachment and pre-arrest wages (including accumulated leave in the amount of $16,422.13 and prior month balance forward in the amount of $10,379.52 - see

Exhibit "A" to the Declaration of Edward M. Bull III); for severance pay (estimated at $64,136.28 - See Exhibit "C" to the Declaration of Edward M. Bull III), for penalty wages, and for any other element of damages, to be resolved by agreement or adjudicated at a later date.

**SO MOVED.**

DATED: May 6, 2011   BRODSKY MICKLOW BULL & WEISS LLP

By: /S/ Edward M. Bull III
 Edward M. Bull III
 Kurt Micklow

Attorneys for Intervening Plaintiff
CREWMEMBERS

DATED: May 6, 2011   EMARD DANOFF PORT TAMULSKI & PAETZOLD LLP

By: /S/ James J. Tamulski
 James J. Tamulski

Attorneys for Substitute Custodian
NATIONAL MARITIME SERVICES, INC.

DATED: May 6, 2011   COX, WOOTTON, GRIFFIN, HANSEN & POULOS, LLP

By: /S/ Max Lee Kelly
 Gregory W. Poulos
 Max Lee Kelly

Attorneys for Plaintiff
VALERIE SHIPPING, INC

DATED: May 6, 2011   KEESAL, YOUNG & LOGAN

By: /S/ James A. Marissen
 James A. Marissen

Attorneys for Intervening Plaintiff
Nordea Bank Finland Plc

ULTRAGAS INTERNATIONAL, S.A., which has not become involved in vessel management issues to date, and does not plan to become so involved at this time, has no objection to the relief sought by the substitute custodian and the crew, and does not oppose the terms of the above motion or proposed order.

DATED: May 6, 2011          FLYNN, DELICH & WISE LLP

By:   /S/ Conte C. Cicala
      Conte C. Cicala

Attorneys for Intervening Plaintiff
ULTRAGAS INTERNATIONAL, S.A.

**Having heard oral argument on the motion, Defendants having failed to appear and file an opposition, and**

**ORDER**

Having considered the moving and opposition papers on the motion by National Maritime Services, Inc to pay the crew, and the above joint motin of the current parties to the action, and good cause appearing thereon, IT IS HEREBY ORDERED that:

1. Substitute Custodian NATIONAL MARITIME SERVICES, INC. Shall make payment at this time of the following amounts to the crewmembers: (a) **Wages for March 2011** in the amount of **$79,509.50**, (b) **Wages for April 2011** in the amount of **$76,697.01** and (c) Wages for May 1-6, 2011 in the amount of **$15,339.40 (**these payments shall be in the individual amounts set forth on Exhibits "A", "B" & "C" to the Declaration of Edward M. Bull III, for a total immediate payment of **$171,545.91**);

2. Substitute Custodian NATIONAL MARITIME SERVICES, INC. Shall make payment of Wages for the services of the crew after May 6, 2011 on a monthly basis, and at the same contractual rates as utilized to

calculate the March and April wages (on a pro-rata daily rate), up to and until the time of the actual repatriation of the individual crewmembers;

3. Substitute Custodian NATIONAL MARITIME SERVICES, INC. Shall make payment the actual cost of repatriation expenses at the time of repatriation; and

4. The above payments are deemed to be proper custodia legis expenses. The substitute custodian shall meet and confer with counsel for the Crewmembers' as to the manner such payments shall be made, and the Crewmembers' remaining claims for pre-attachment and pre-arrest wages (including accumulated leave, prior month balance forward and severance pay), for penalty wages, and for any other element of damages, shall be reserved and resolved by agreement or adjudicated at a later date.

**IT IS SO ORDERED.**

DATED: May 6, 2011

_____
The Honorable Jeffrey S. White
Untied States District Judge