IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

VALERIE SHIPPING, INC.,

    Plaintiff,

v.

KOREA LINE SINGAPORE PTE,

    Defendant.

No. C 11-00911 JSW

**NOTICE OF TENTATIVE RULING AND QUESTIONS FOR HEARING**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING TENTATIVE RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON JULY 22, 2011, AT 9:00 A.M.:

    The Court has reviewed the parties' memoranda of points and authorities and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on legal authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with pin cites and without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority. The Court suggests that associates or of counsel attorneys who are working on this case be permitted to address some or all of the Court's questions contained herein.

//

The Court **tentatively grants** Ultragas's Application for Reimbursement of *Custodia Legis* Expense, and **tentatively grants** Valerie's Motion for Apportionment of Future *Custodia Legis* Expenses. Each party shall have fifteen (15) minutes to address the following questions:

**Ultragas's Application for Reimbursement of *Custodia Legis* Expense**

1a. Is the Court correct in assuming that no party opposes Ultragas's application for immediate reimbursement of its already-approved *custodia legis* expenses?

1b. If so, do the parties contend that there is any reason Ultragas is not entitled to an immediate disbursement from the proceeds of the Vessel's sale?

**Valerie's Motion for Apportionment of Future *Custodia Legis* Expenses**

2. Will any distribution of proceeds from the Vessel's sale impact how much each party will pay in terms of *custodia legis* expenses?

3. Does Nordea have any additional authority to support its contention that its proportionate share of *custodia legis* expenses should be calculated according to the amount in controversy as that amount changed over time during this litigation?

4. Does Nordea have any authority for its contention that Admiralty Local Rule 8-1(b) should be read to mean that Nordea is only responsible for its proportionate share of the *custodia legis* expenses "for the duration of ... custody because of [its] claim" while ignoring the first clause of the sentence, *i.e.*, the requirement that a party plaintiff has permitted vacation of an arrest?

5. Why have the parties not waived their right to seek contribution from the crew by failing to raise the issue in their opening and opposing briefs, respectively?

**IT IS SO ORDERED.**

Dated: July 18, 2011

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE